By the Court.
On April 8, 1871, V. R., being then liable to suit for breach of promise to marry S. M., conveyed his house and lot without consideration to M. R. to prevent a collection of her damages by S. M. Afterwards S. M. recovered a judgment against V. R. for damages for said breach of promise, on which execution was issued and levy made on said premises, which were sold and conveyed to her. by the sheriff in due form of law. She then sued M. R. for possession. The common pleas gave judgment in her favor, but the district court reversed that judgment because she had not first obtained a decree setting aside the deed to M. R.
Held: 1. S. M. was a creditor of V. R. at the time he made the deed to M. R.
*108 2. That deed was void as against S. M. (see. 2, Stat. Frauds, S. & C., 656), the land was subject to levy and sale under her judgment (Westerman v. Westerman, 25 Ohio St., 510), and as purchaser at such sale she could recover possession without first suing to set aside the deed to M. R.
Judgment of the district court reversed and that of the common pleas affirmed.
McCauley, J., dissented from paragraph 1.